**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


NATIONAL WILDLIFE FEDERATION, *et* :
*al.*,                              :
                                    :
          Plaintiffs,               :
                                    :
     v.                             : Civil Action No. 03-1392 (JR)
                                    :
LES BROWNLEE, Acting Secretary,     :
U.S. Department of the Army,        :
                                    :
          Defendant                 :

     and

Agripartners, G.P.

          Intervenor Defendant

**MEMORANDUM**


_____Plaintiffs challenge the issuance of four nationwide

permits (NWPs) by the Army Corps of Engineers.  On March 31,

2005, I granted summary judgment to plaintiffs on their

Endangered Species Act claim and denied without prejudice cross-

motions for summary judgment on plaintiffs' National

Environmental Policy Act and Clean Water Act claims, explaining

the NEPA and CWA rulings by noting that the challenged NEPA and

CWA findings were "closely intertwined with the Corps' [ESA]

Section 7 compliance."[1]  Following that decision, the Corps

informally consulted with the Fish and Wildlife Service, as I had

_____

     [1]  My earlier decisions in this case and in <u>Nat'l Wildlife Fed'n</u>
<u>v. Norton</u>, 332 F. Supp. 2d 170 (D.D.C. 2004) and <u>Nat'l Wildlife Fed'n</u>
<u>v. Caldera</u>, No. 00-1031, 2002 WL 628649 (D.D.C. Mar. 26, 2002) contain
background information that need not be repeated here.

found it was required to do.  FWS concurred with the Corps that issuing the challenged NWPs "may affect, but is not likely to adversely affect, the Florida panther." Fed. Def.'s Mot. Voluntary Remand - Ex. 2.  That consultation and concurrence would appear to resolve plaintiffs' ESA claim, but, instead of ending the litigation, my earlier ruling spawned a number of follow-up motions.  They are resolved as set forth below.

## Intervenor Defendant Agripartners' Motion to Alter or Amend Judgment

Intervenor Defendant Agripartners, G.P. has moved for reconsideration of my ruling that plaintiffs' claims are not barred by the doctrine of res judicata.  That issue was fully briefed previously, and nothing has changed since my earlier ruling.  The motion will be denied.

## Intervenor Defendant Agripartners' Motion to Dismiss Plaintiffs' Claims for Relief as Moot

Agripartners has also moved that all of plaintiffs' claims for relief be dismissed as moot.  The motion appears to be premised on a misunderstanding of my ruling of March 31, 2005.  I did not rule that the Corps' compliance with the ESA would moot the NEPA and CWA claims, but merely that it made sense to put off the NEPA and CWA inquiries until ESA compliance was addressed. The FWS "not likely to adversely affect" finding strengthens the Corps' case on NEPA and the CWA but does not end the matter; each statute has its own set of legal inquiries.  I have not ruled on

the merits of plaintiffs' NEPA and CWA claims, and Agripartners'
motion will accordingly be denied.

**Federal defendant's motion for voluntary remand or in the
alternative to stay**

   The Corps of Engineers has requested a voluntary remand
in order that it may reconsider its CWA and NEPA findings in
light of its recently concluded informal ESA consultation.
Substantial disputes still exist relating to the Panther Key, the
2004 preconstruction notification requirements, and the
declarations of Andrew C. Eller, Jr. and E. Jane Comiskey, and
they may be resolved or clarified by a remand.   "'[W]hen an
agency seeks to reconsider its action, it should move the court
to remand or to hold the case in abeyance pending reconsideration
by the agency.'" Ethyl Corp. v. Browner, 989 F.2d 522, 524 n.3
(D.C. Cir. 1993) (quoting Anchor Line Ltd. v. Fed. Mar. Comm'n,
299 F.2d 124, 125 (D.C. Cir. 1962)).   The Corps has indicated
that it will provide for notice and comment on its
reconsideration, Fed. Def.'s Mot. Voluntary Remand at 5.   Remand
without vacatur is appropriate, see A.L. Pharma, Inc. v.
Shalala, 62 F.3d 1484, 1492 (D.C. Cir. 1995) (citing cases of
remand without vacatur).   I will not retain jurisdiction,
although a renewed challenge after remand might reasonably be
considered a related case.

**Plaintiffs' Motion for Permanent Injunction and Agripartners'**
**Motion to Strike**

In view of the remand order, the motion for permanent injunction will be denied.  Agripartners' motion to strike the declarations of Andrew C. Eller, Jr. and E. Jane Comiskey that are attached to plaintiffs' motion will be granted.  As plaintiffs appear to acknowledge, <u>see</u> Pls' Mot. Permanent Inj. & Other Relief at 1, their motion "for permanent injunction and other relief" is really (at least in part) a renewed motion for summary judgment.  The two declarations are thus not appropriate. <u>See, e.g.</u>, <u>Envtl. Def. Fund, Inc. v. Costle</u>, 657 F.2d 275, 284 (D.C. Cir. 1981) (judicial review is limited to record before agency at the time decision was made).

**Plaintiffs' Motion to Amend and Supplement the Complaint**

Plaintiffs's attempt to bring a new claim against FWS relating to FWS's informal consultation with the Corps is overtaken by the event of remand and will be denied.

* * *

An appropriate Order accompanies this Memorandum.



                                        JAMES ROBERTSON
                                  United States District Judge